# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 12-10225-RWZ |
| | ) | |
| DAVID MCLELLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States submits this memorandum with regard to sentencing of the Defendant, David McLellan ("Defendant").  The Government requests that the Defendant be sentenced to a period of 262 months of incarceration, followed by lifetime supervised release; a sentence that is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth in 18 U.S.C. § 3553.

## A.    THE INSTANT OFFENSE[1]

On December 1, 2009, an FBI Special Agent, acting in an undercover capacity, signed onto a peer-to-peer file sharing network from the FBI office located in Los Angeles, California. PSR at ¶ 6.  The agent observed that an individual utilizing the username "A35Scott," later determined to be the Defendant, was logged into the network.[2]  *Id.*   The agent proceeded to

---

[1] A more complete recitation of the facts is set forth in the Presentence Investigation Report at ¶¶ 6-22.

[2] Investigation further determined that, in addition to "A35Scott," the Defendant also had a user name of "Babylick."

browse the Defendant's shared directories and observed images and video files that the Defendant offered for sharing which depicted child pornography. *Id.*

The agent selected three files and proceeded to download them directly from the Defendant. PSR at ¶ 7. However, during the download, the Defendant blocked the agent and only one file was successfully downloaded. The file, entitled "Boner0170 (Thai boys).jpg," was a collage of 25 smaller images, that appeared to be stills derived from a video. *Id.* The sequence of images depicts a bedroom setting where two prepubescent boys expose their genitals and touch each other's genital area. *Id.*

On February 19, 2010, a federal search warrant was executed at the residence where the Defendant lived. PSR at ¶ 9. FBI agents seized multiple items of computer media from several rooms in the home. *Id.* Seized specifically from the Defendant's bedroom were several computers, as well as 497 burned CDs and DVDs, five hard drives, one 4 GB thumb drive, and three cell phones. PSR at ¶ 10.

The investigation revealed that the Defendant possessed millions of images and videos of child pornography. PSR at ¶ 17. A substantial portion of the Defendant's child pornography collection included images of prepubescent children (many of infants), as well as conduct portraying sadistic or masochistic conduct or other depictions of violence. PSR at ¶ 21. Due to the volume of the Defendant's collection, as well as the fact that the Defendant encrypted the data he stored, computer forensic examination remains incomplete to date. However, forensic examination discovered numerous internet "chats" the Defendant had with others who were also interested in the sexual exploitation of children. PSR at ¶ 13. These chats include the

Defendant's statement of his preferred age range for children, his "special interest" in infants and toddlers, as well as the nature and extent of his child pornography collection.[3]  *Id.*

Forensic examination of one of the Defendant's computers also revealed that the Defendant was a contact offender who sexually abused an infant ("Minor A").  At the time that the Defendant abused Minor A, she had been left in the Defendant's care, and was approximately one year old.  PSR at ¶¶ 18-19.  The infant was rarely left alone with the Defendant, but on one occasion when she was, the Defendant chose to sexually abuse her, while he recorded the sexual abuse.  As articulated by Minor A's mother:

> *What should frighten anyone is that the one or two times he [the Defendant] had gained enough trust to be left with [Minor A] for all of a couple hours while I took my Grandmother and cousin shopping was when he acted.  He had the patience to wait and make sure he had us all fooled so when he got his chance he could use it.*

The impact of Defendant's actions on both Minor A and her mother is one that will last forever:

> *I have to remember that someone I trusted and let into my daughter's life hurt her.  Someone I shared happy memories with in raising my daughter really only had intentions to violate her.*

Although forensic examination of the Defendant's extensive collection continues, to date the Defendant's collection of child pornography and child erotica totals approximately 6,327,796 images and videos.  As of the time of this submission, the National Center for Missing and Exploited Children ("NCMEC") has processed approximately 2.5 million of the Defendant's 4.9

---

[3]  Since the time that the Government submitted its statement of offense conduct, additional chats and statements made by the Defendant have been discovered through further forensic examination.  The chat logs have been produced to the Defendant.  In the chats, the Defendant confirms his preferred age range for children ("I like 0-10 boys and girls but it looks like we both have a special interest in infants and toddlers" and "I like baby/toddler mostly"); confirms that he selectively shared his child pornography collection ("I only share with others who have stuff"); and confirmed Defendant's sexual abuse of infant "Minor A."

million images, and NCMEC reports that over 86,000 of those images appear to contain children previously identified by law enforcement.

## B.  ARGUMENT

On February 11, 2014, the Defendant pled guilty to a two-count Indictment charging him with Sexual Exploitation of Children, and Transportation of Child Pornography.  PSR at ¶ 1.  A violation of 18 U.S.C. § 2251(a) (Sexual Exploitation of Children) provides a maximum term of imprisonment of 30 years.  A violation of 18 U.S.C. § 2252(a)(1) (Transportation of Child Pornography) provides a maximum term of imprisonment of 20 years.

### 1.    The Sentencing Guidelines

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  Thus, the Sentencing Guidelines remain an advisory resource for determining appropriate and uniform punishment for federal criminal offenses.

The PSR calculates the Defendant's total adjusted offense level, with acceptance of responsibility, as 43 months.  PSR at ¶¶ 27-53.  Under the Guidelines, a total offense level of 43, with a Criminal History Category I, results in a Guidelines sentencing range of life.  PSR at ¶ 96. However, the statutorily authorized maximum sentence for sexual exploitation of children is 30 years[4], and the statutorily authorized maximum sentence for transportation of child pornography is 20 years[5].  Thus, because the statutory maximum sentences are less than the maximum Guidelines sentence, the applicable Guidelines sentencing range in this case is 600 months.  PSR at ¶ 96.

---

[4] 18 U.S.C. § 2251(e).

[5] 18 U.S.C. § 2252(b)(1).

The Government agrees with the PSR Guidelines calculation as it pertains to the Defendant and as set forth in the PSR.

## 2. The United States Sentencing Commission Report

In February of this year, the United States Sentencing Commission published its *Report to Congress:  Federal Child Pornography Offenses* ("the Report").  The Report set forth a variety of observations related to USSG §2G2.2, the sentencing guideline applicable to distribution, transportation, receipt, and possession of child pornography.  As the Report notes, "child pornography offenses result in substantial and indelible harm to the children who are victimized by both production and non-production offenses."[6]

While the Report recommends revised guidelines for receipt and possession offenses, and suggests that Congress may wish to revise the penalty structure for distribution offenses[7], the Report notes that "[s]entencing in federal production cases has been less controversial than in non-production cases."  *See* United States Sentencing Commission, *Report to Congress: Federal Child Pornography Offenses* at 247.  Indeed, the Commission has in the past treated child pornography production offenses as "sexual abuse" offenses rather than "child pornography" offenses.  *Id.* at 23 (citing U.S. Sentencing Commission, *Mandatory Minimum Penalties in the Federal Criminal Justice System* 295 (Oct. 2011) (production offenses involve actual or intended sexual contact with a victim while child pornography offenses concern the possession, receipt, transportation, or distribution of sexually-oriented images of children)).  With regard to

---

[6]  United States Sentencing Commission, *Report to Congress: Federal Child Pornography Offenses* (Feb. 2013), at p. xxi (available at http://www.ussc.gov/Legislative_and_Public_Affairs/Congressional_Testimony_and_Reports/Sex_Offense_Topics/201212_Federal_Child_Pornography_Offenses/index.cfm).

[7]  *See* United States Sentencing Commission, *Report to Congress: Federal Child Pornography Offenses* at xxi-xxii.

sentencing of defendants convicted of producing child pornography, the Report noted that, in fiscal year 2010, the average sentence for defendants who were convicted of production was over 22 years (269.1 months).  *Id.* at 268.

### 3.    The Government's Recommendation

The Government requests imposition of a sentence of 262 months of incarceration, followed by a lifetime of supervised release in this case.  This request that takes into account the facts and circumstances of this case, as well as the history and characteristics of the Defendant. 18 U.S.C. § 3553(a)(1).

The Defendant is a contact offender, who committed sexual abuse of a vulnerable, non-verbal infant who was unable to get away from the Defendant at the time of the abuse, and who was unable to tell anyone what happened to her.  He is also a prolific collector and trader of child pornography, collecting millions upon millions of images of child pornography and child erotica. Possession and subsequent trading of child pornography causes real harm to victims.  As noted by the Report:

> All child pornography offenses, including the simple possession of child pornography, are extremely serious because they both result in perpetual harm to victims and validate and normalize the sexual exploitation of children.[8]

However, more than possessing child pornography, the Defendant also transported child pornography on a peer-to-peer network.  Then the Defendant went even further, committing a contact sex offense of an infant.  When he decided to sexually abuse Minor A, he made a decision also to record his sexual abuse.  But sexual contact with the infant, Minor A, was not enough for the Defendant.  After he sexually abused her, he spoon fed her his bodily fluid,

---

[8] United States Sentencing Commission, *Report to Congress: Federal Child Pornography Offenses*, at p. vi.

recording that sadistic and masochistic conduct, then bragging about it, and how much he enjoyed it, to others during his internet chats.  Defendant is a danger to society, and to vulnerable children in particular.

In calculating the Defendant's sentence, the PSR determines the Defendant's adjusted offense level to be 43 (PSR at ¶ 53), resulting in a guidelines range of life (PSR at ¶ 96).  The Government agrees with this calculation.  Statutorily, Defendant faces a maximum sentence of 50 years (600 months).  The Guidelines for sexual exploitation of children, and each of the enhancements, applies to and takes into account the Defendant's behavior in this case.  PSR at ¶¶ 27-35.  However, in making its sentencing recommendation, the Government removes from the Guidelines calculation the 4-level enhancement for sadistic or masochistic conduct.[9]  The resulting offense level for the Defendant, with acceptance of responsibility, is an offense level of 39, for which the Guidelines provide a sentencing range of 262-327 months.

The Government recommends a sentence of 262 months, followed by a lifetime of supervised release.  A sentence of 262 months imprisonment, followed by a lifetime of supervised release, is a sentence that is sufficient, but not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a).

C.  **CONCLUSION**

For these reasons, and for those that may be argued orally, the Government requests a sentence of 262 months imprisonment, followed by lifetime supervised release, fines as determined by the Court, restitution, forfeiture, and a $200 special assessment.  Such a sentence is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a);

---

[9] The Government agrees that this enhancement applies.  However, the Government deducts this enhancement from the Guidelines calculation in an attempt to recommend a sentence that captures the Defendant's conduct, but which is reasonable in light of the circumstances of this case.

namely, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, as well as to address the history and characteristics of the Defendant and the nature and circumstances of the offense, and to deter the same.

<div style="margin-left:40%">

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

</div>

By:    */s/ Eve A. Piemonte Stacey*
       EVE A. PIEMONTE STACEY
Dated: May 13, 2014       Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Eve A. Piemonte Stacey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Eve A. Piemonte Stacey*
Eve A. Piemonte Stacey
Dated: May 13, 2014       Assistant United States Attorney